UNITED STATES v. 55,000 SQUARE FEET OF SPACE ON PREMISES KNOWN AS AMERICAN GROCERY CO. WAREHOUSE et al.

Civil Action No. 4014.

District Court, D. New Jersey.

Nov. 21, 1947.

Edgar H. Rossbach, U. S. Atty., by Robert W. Moncrief, Sp. Atty., both of Newark, N. J., for the United States.

Reuben P. Goldstein, of Jersey City, N. J., for Big Bear Food Stores, Inc., formerly American Grocery Co.

FAKE, District Judge.

The issue now before the Court arises on a motion by the Government to dismiss the above entitled proceeding on the ground that the use of the premises involved was temporary in nature and was terminated on October 12, 1945, by payment in full for the use thereof.

It appears on the face of the record that the Government filed a petition on October 2, 1944, for the taking, by condemnation, of the premises for a term extending from October 2, 1944, to June 30, 1945, which proceeding was completed by declaration of taking, the deposit of funds in the Registry of the Court on April 2, 1945, and subsequent acceptance of the funds so deposited. Thereafter on June 4, 1945, some 26 days before the original taking was to terminate, the Government served a notice on the owners, which, so far as pertinent, reads as follows: "Notice is hereby given that the Secretary of the Navy * * * has * * * elected to extend the term of years ending June 30, 1945 taken and condemned herein, for an additional year ending June 30, 1946."

I construe this notice to mean that the Government intended to take for the additional term mentioned, either by

subsequent agreement as to compensation, or by condemnation to fix the just remuneration. It did not constitute the initiation of a formal condemnation proceeding to cover the additional term, nor could it standing alone beyond June 30, 1945, amount to anything more than a notice of intent for a bare occupancy. Before title to the right of occupancy, as distinguished from a bare occupancy, could vest in the Government for the full term covered by the notice, to wit from June 30, 1945, to June 30, 1946, it would be necessary to have an agreement or an award in condemnation and payment must have been made of the amount so arrived at. The Government had a right to abandon at any time prior to such payment and that was done in this case.

█ It appears from the record here that the Government ceased to occupy the premises and returned possession thereof to the owner defendants by written agreement on October 12, 1945. Thus it appears that the Government retained possession for a period of 3 months and 12 days beyond the time fixed by the formal taking under this condemnation. For such occupancy defendants have been paid in full and they remain actually satisfied.

The written agreement above mentioned contains a clause stipulating that the return of possession was "without prejudice to a claim for compensation beyond October 12, 1945." Defendant owners now seek remuneration for loss through vacancies occurring on the property from October 12, 1945, to December 18, 1945 when the premises were finally sold to a third party. I am unable to see how this claim forms any part of this condemnation proceeding, either as originally instituted or by virtue of the subsequent events above enumerated.

Having accepted a money settlement for all use prior to October 12, 1945, and there being no dispute now pending as to the sufficiency thereof, the Government's occupancy became a closed transaction. The reservation attempted for damages beyond that date was a mere assertion of a nonexisting right. As has been seen, the Government had a right to abandon when it did.

Defendants having been paid in full for the premises condemned, and as well for the additional occupancy of 3 months and 12 days, this proceeding terminated as of the date of that payment.

An order will be entered in conformity herewith.